**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-07-0355 |
| | : | |
| ALAN B. FABIAN | : | |
| | : | |
| | : | |

..oOo..

**MOTION FOR ENTRY OF RESTITUTION ORDER**

The United States, by its undersigned counsel, hereby moves this Court to enter a Restitution Order pursuant to 18 U.S.C. §§ 3663 and 3663A requiring the defendant to pay particular amounts of restitution to the victims of his offenses.  In support of this motion, the Government states as follows:

1.      On October 31, 2008, this Court entered judgment against defendant Fabian, but deferred the entry of a restitution order.

2.      Upon review of the information collected in the investigation of this case and consideration of the affidavits provided by the victims, the Government believes that the victims sustained the following losses as a result of the defendant's unlawful conduct that are properly the subject of a restitution order:

   a.     MAXIMUS, Inc. - **$16,275,964.12**

   b.     Presidio, Inc. (formerly known as Solarcom) - **$10,310,000.00**

   c.     De Lage Landen Financial Services, Inc. - **$4,024,051.00**

   d.     Key Equipment Finance, Inc. - **$703,485.00**

   e.     Provident Bank of Maryland, Inc. - $**4,035,854.52**

   f.     Wachovia, National Association - **$3,625,500.28**

g.      GS Financial Network, Inc. - **$213,769.80**

h.      Internal Revenue Service - **$974,009.10**

3.      None of the above-listed victims has any objection to this motion.

4.      Counsel for defendant Fabian has informed the undersigned that defendant Fabian agrees with the amounts specified in paragraph 2 above.

5.      Counsel for defendant Fabian has informed the undersigned that defendant Fabian wishes the Court's Restitution Order to include the following:

a.      A provision stating that prejudgment and post-judgment interest shall not accrue on any of the amounts listed in paragraph 2 above; and

b.      A provision stating that the Court has considered the financial resources of the defendant, including all assets in which the defendant has a financial interest, and the financial needs and earning ability of the defendant and his dependents; that the Court finds that the defendant's earnings derived from employment while he is in the custody of the Bureau of Prisons will be negligible and that the defendant's projected income from outside sources cannot be determined at this time; that the Court further finds that any income the defendant receives will be insufficient to meet his financial obligations, which include the monthly living expenses of his wife and three children, numerous civil judgments, and other unpaid debts; that the Court therefore finds that the economic circumstances of the defendant do not allow the payment of any of the foregoing amounts while the defendant is in custody and do not allow the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments; and that the Court therefore directs the defendant, pursuant to 18 U.S.C. § 3664(f)(3)(B), to make nominal periodic payments of $1 per month during the term of his

incarceration, and that the Court order restitution payments not to exceed $150 per month during the term of supervised release.

6.      Except as discussed below, the Government takes no position with respect to the provisions suggested by defendant Fabian, as described in paragraph 5 above.  The Government requests that the Court include in its Order a schedule of payments that will apply once defendant Fabian is released from custody.  The Government believes that a monthly payment, if included in the order, should be greater than $150.  In addition, pursuant to 18 U.S.C. § 3664(k), the Court's Restitution Order should require defendant Fabian to notify the court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution, both during and after his incarceration.  The Government further requests that the Court's Restitution Order direct the Clerk to make periodic disbursements of restitution to the victims listed in Paragraph 2(a) through 2(g) on a *pro rata* basis, and that pursuant to 18 U.S.C. § 3664(i), those victims listed in Paragraphs 2(a) through 2(g) should receive all restitution due to them before the Clerk makes any restitution payments to the Internal Revenue Service.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:      _____/s/_____
Tonya Kelly Kowitz
Jonathan Biran
Assistant United States Attorneys
36 South Charles Street
Baltimore, Maryland 21201
(410) 209-4800

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2008, the foregoing was electronically filed using

the District of Maryland CM/ECF system.

_____/s/_____

Jonathan Biran
Assistant United States Attorney