IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-07-0355 |
| | : | |
| ALAN B. FABIAN | : | |

...o0o...

## **MEMORANDUM**

Federal prison inmate Alan Fabian continues to challenge the validity of his guilty pleas entered May 16, 2008, to mail fraud and subscribing to a false tax return.  His initial motion to vacate under 28 U.S.C. § 2255 was denied on July 14, 2011.  *See Fabian*, 798 F. Supp. 2d 647 (D. Md. 2011), *aff'd* 461 F. App'x 244 (4th Cir. 2012).  A motion under Fed. R. Civ. P. 60(b) was denied on April 19, 2012.  On June 24, 2014, Fabian filed the present motion for relief under Fed. R. Civ. P. 60(d)(3).  He also has filed a motion to appoint counsel, a motion for recusal of the U.S. Attorney's Office, a motion for sanctions, and a motion for summary judgment.  All have been fully briefed.[1]  All will be denied.

Fabian's motion rests on his claim that he has now determined that two of the entities involved in his mail fraud scheme, Key Equipment Finance ("Key") and Fleet Business Credit, Inc. ("Fleet"), are not in fact "wholly-owned subsidiaries of an insured depository institution," that is, Key Bank and Fleet Bank, respectively, as claimed by the government in its opposition to his motion under § 2255.  Accordingly, they are not "financial institutions" and therefore, Fabian asserts, he is "actually innocent" of mail fraud, and the government has perpetrated a fraud on the court justifying relief under Rule 60.[2]

---

[1] The Assistant U.S. Attorneys who handled Fabian's case are now in private practice.  Another member of the U.S. Attorney's Office responded to Fabian's motions.

[2] Fabian also asserts that an affidavit submitted by prior defense counsel amounted to perjury suborned by the government and that the government acted improperly regarding forfeiture of certain properties.

Fed. R. Civ. P. 60(b)(3) provides for relief from a final judgment when there has been "fraud . . . , misrepresentation, or misconduct by an opposing party." Such a motion, however, must be filed within one year after entry of the judgment or order complained of. *See* Rule 60(c)(1). Fabian's motion was not filed within that limit.

Recognizing that barrier, Fabian seeks to rely on the "savings clause" in Rule 60(d)(3) permitting a court, even after one year, to "set aside a judgment for fraud on the court." To succeed under Rule 60(d)(3), however, a party must meet a very high standard, involving "corruption of the judicial process itself." *Fox v. Elk Run*, 739 F.3d 131, 136 (4th Cir. 2014) (*quoting Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987)). Fraud between parties, even involving perjury by a party or witness, would not be "fraud on the court." *Id.*

In this case, even assuming Fabian is correct, and the government's representations about the status of Key and Fleet as wholly-owned subsidiaries were in error, he has completely failed to show that the misrepresentations were intentional. Nor were they of any particular significance to the court's denial of Fabian's motion under § 2255, where he attacked his plea to mail fraud affecting a financial institution. As explained in that opinion, Fabian was sentenced well below the maximum period of incarceration applicable to either form of mail fraud. Nor did he show "a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." 798 F. Supp. 2d at 674-75 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Because Fabian has failed to show any fraud at all much less a "fraud on the court," his motions are both time-barred and meritless. To the extent his filings may be construed as a motion under 28 U.S.C. § 2255, no certificate of appealability is warranted. A separate Order follows.

<u>March 24, 2015</u>                                    _____/S/_____
Date                                                    Catherine C. Blake
                                                        United States District Judge